

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-198-CR

MANUEL FERNANDEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On May 26, 2009, Appellant Manuel Fernandez was convicted of burglary
of a habitation, a second-degree felony, after pleading guilty to the offense and
pleading true to the enhancement paragraph.  *See* Tex. Penal Code Ann.
§ 30.02(a), (c)(2) (Vernon 2008).  Pursuant to a plea agreement, the trial court
sentenced him to ten years' confinement, with the sentence to run concurrently

---

[1] *See* Tex. R. App. P. 47.4.

"with any sentence currently being served,"[2] and entered its certification of Fernandez's right to appeal in accordance with rule 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2). The certification states that the case "is a plea-bargain case, and the defendant has NO right of appeal."

On June 10, 2009, this court notified Fernandez that the certification indicating that he had no right to appeal had been filed in this court and that this appeal would be dismissed unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before June 22, 2009. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. On June 15, 2009, we received a pro se response from Fernandez that does not show any grounds for continuing the appeal.

Therefore, in accordance with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Cooper v. State*, 45

---

[2] The punishment range for a second-degree felony is imprisonment for any term of not more than twenty years or less than two years and up to a $10,000 fine. Tex. Penal Code Ann. § 12.33 (Vernon 2003). The written plea admonishments indicate that the State offered Fernandez ten years' confinement, to run concurrently with other cases being served.

S.W.3d 77, 81–82 (Tex. Crim. App. 2001); *see also Griffin v. State*, 145 S.W.3d 645, 649 (Tex. Crim. App. 2004) (stating that rule 25.2(a)(2)'s requirements do not impermissibly abridge the right to appeal).

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2009